Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 4 2007

at 10 o'clock and 55 min. A M
SUE BEITIA, CLERK

U.S.A. vs. **RICHARD A. THOUROT**          Docket No.   CR 03-00570-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

  COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of RICHARD A. THOUROT who was placed on supervision by the Honorable Leslie E. Kobayashi sitting in the Court at Honolulu, Hawaii, on the 24th day of January 2006, who fixed the period of supervision at 1 year and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant serve 3 months community confinement in a community corrections center such as Mahoney Hale as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.



SEALED BY ORDER OF THE COURT

6. That the defendant is prohibited from the possession and use of alcohol.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Judgment attached) as follows:

1. That on 2/7/2007 and 3/13/2007, the offender submitted urine specimens as part of his substance abuse treatment regimen, and the specimens were confirmed positive for cocaine, in violation of Standard Condition No. 7 and Special Condition No. 1.

2. That on 3/26/2007, the offender refused to comply with drug testing that was part of his substance abuse treatment regimen, in violation of Special Condition No. 1.

3. That on 3/29/2007, the offender admitted that he used cocaine on or about 3/23/2007, in violation of Standard Condition No. 7 and Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.


PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4/3/07

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 3rd day of April, 2007, and ordered filed and made a part of the records in the above case.

KEVIN S.C. CHANG
U.S. Magistrate Judge

Re:   **THOUROT, Richard A.**
      **Criminal No. CR 03-00570-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 1: Theft of Government Property, a Class A misdemeanor. On 1/24/2006, he was sentenced to 3 months imprisonment and 1 year of supervised release. Supervised release began on 11/22/2006.

Upon his release, the offender entered Mahoney Hale. It is noted that the offender's placement at Mahoney Hale was not punitive but was necessary because he did not have a place of residence. The offender resided at Mahoney Hale for a period of 2 months. During this period, he secured full-time employment as a painter with Top Coat Painting. On 1/20/2007, the offender moved from Mahoney Hale to a room he secured as a rental. The offender attended the drug aftercare program at Freedom Recovery Services (FRS) and submitted to regular drug testing at FRS. Additionally, the offender was able to re-establish his relationship with his 2 young children.

Nonetheless, on 3/1/2007, the Court was notified of the offender's non-compliance when the offender relapsed on cocaine. As a corrective measure, the offender was instructed as follows: 1) participate in the Intensive Outpatient Program (IOP) at FRS, which meets 3 times per week; 2) begin attending Alcoholic's Anonymous/Narcotic's Anonymous (AA/NA) meetings at least 3 times a week; and 3) comply with mental health treatment, to include anti-depressant medication, at FRS.

Despite this intervention, the offender relapsed on cocaine approximately 1 month later. In response to that relapse, the offender was instructed as follows: 1) begin attending Day Treatment Program at FRS, which meets 4 times per week; 2) continue to attend AA/NA meetings at least 3 times a week; 3) continue to comply with his mental health regimen; and 4) set up an interview to enter a clean and sober house.

Subsequently, approximately 2 weeks later, the offender refused to comply with drug testing and admitted that he had relapsed on cocaine again. The violations are as follows:

**Violation No. 1 - Positive Drug Tests:** On 2/7/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen at FRS. The specimen was tested with a non-instrumented drug testing device and was presumptive positive for cocaine. The specimen was forwarded to Scientific Testing Laboratories, Inc. and confirmed positive for cocaine. On 2/8/2007, the offender admitted that on or about 2/4/2007, he used cocaine because he was bored.

Re:   **THOUROT, Richard A.
      Criminal No. CR 03-00570-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2**

On 3/13/2007, the offender submitted a urine specimen as part of his substance abuse treatment regimen at FRS. The specimen was tested with a non-instrumented drug testing device and was presumptive positive for cocaine. The specimen was forwarded to Scientific Testing Laboratories, Inc. and confirmed positive for cocaine. On 3/14/2007, the offender was questioned about his positive drug test and admitted that he used cocaine on or about 3/10/2007 at a cookout with friends.

**Violation No. 2 - Refusing to Comply With Drug Testing:** On 3/26/2007, the offender reported for drug testing at FRS that was part of his substance abuse treatment regimen. He provided a urine specimen that was tested with a non-instrumented drug testing device, and it was presumptive positive for cocaine. However, because the offender failed to provide the quantity of urine that is necessary for confirmation testing, the specimen could not be sent to the laboratory. The offender is charged with refusing to comply with drug testing based on the following: 1) when the offender was instructed by FRS staff to provide more urine, he stated that he was unable to; 2) the offender reported for drug testing at 8:02 p.m., when the drug testing hours at FRS are from 12:00 p.m. to 8:00 p.m., Monday through Friday; 3) the offender was oriented to drug testing protocol on 12/6/2006, and subsequently had complied with drug testing on approximately 12 occasions prior to refusing to comply with drug testing on 3/26/2007.

**Violation No. 3 - Admission of Drug Use:** On 3/29/2007, the offender was questioned about the presumptive positive urine specimen that he submitted at FRS on 3/26/2007, and he admitted that he used cocaine on or about 3/23/2007, after he had unexpected contact with a drug dealer that he knew and impulsively purchased and used cocaine.

Re:   THOUROT, Richard A.
      Criminal No. CR 03-00570-01
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

    Based on these violations, it is respectfully recommended that a No Bail warrant be issued for the offender's appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
LISA K.T. JICHA
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

LKTJ/ct

Re:     **THOUROT, Richard A.
        Criminal No. CR 03-00570-01
        REVOCATION OF SUPERVISED RELEASE
        STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant reside in a structured living program, such as a clean and sober house, at the discretion and direction of the Probation Office.

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

FEB 0 2 2006

at 3 o'clock and 16 min. PM
SUE BEITIA, CLERK

UNITED STATES OF AMERICA
v.
**RICHARD A. THOUROT**

'06 FEB -3 P 3 :41

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:   1:03CR00570
USM Number:   95138-022

Matthew C. Winter, AFPD
Defendant's Attorney

**THE DEFENDANT:**

[✔]  pleaded guilty to count(s): <u>1 of the Information</u>.
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:641 | Theft | 5/27/2003 | 1 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]  Count(s) <u>2 of the Information</u> (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>January 24, 2006</u>
Date of Imposition of Judgment

Signature of Judicial Officer

**LESLIE E. KOBAYASHI**, United States Magistrate Judge
Name & Title of Judicial Officer

2/2/06
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____
         Deputy

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: | 1:03CR00570 |
| DEFENDANT: | RICHARD A. THOUROT |

Judgment - Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  3 MONTHS .

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
     [ ] at ___ on ___.
     [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before _ on ___.
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:03CR00570
DEFENDANT: RICHARD A. THOUROT

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __1 YEAR__.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: | 1:03CR00570 |
| DEFENDANT: | RICHARD A. THOUROT |

Judgment - Page 4 of 6

# SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2) That the defendant provide the Probation Office access to any requested financial information.

3) That the defendant serve 3 months community confinement in a community corrections center such as Mahoney Hale as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6) That the defendant is prohibited from the possession and use of alcohol.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____   10-12-06
Defendant                                    Date

_____   10/12/06
United States Probation Officer      Date

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 1:03CR00570 | Judgment - Page 5 of 6 |
| DEFENDANT: RICHARD A. THOUROT | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 25.00 | $ None | $ None |

[ ]  The determination of restitution is deferred until        . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **TOTALS** | $ _ | $ _ | |

[ ]  Restitution amount ordered pursuant to plea agreement  $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]     the interest requirement is waived for the      [ ] fine      [ ] restitution

    [ ]     the interest requirement for the    [ ] fine      [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 1:03CR00570 | Judgment - Page 6 of 6 |
| DEFENDANT: RICHARD A. THOUROT | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
             [ ]      not later than _ , or
             [ ]      in accordance      [ ] C,      [ ] D,      [ ] E, or    [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with      [ ] C,      [ ] D, or    [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.